McLEAN, Receiver, v. MYERS.

*(Superior Court of New York City, General Term.* November 3, 1890.)

TAXATION—COLLECTION—ACTIONS FOR TAXES.

   Section 863 of the New York city consolidation act, providing for the collection of any tax imposed for personal property upon any person in the city and county of New York, by action by the receiver of taxes, does not authorize an action against a resident of another county of the state for a tax assessed in the city and county of New York on stock in a bank standing in the name of such person, but for which no warrant has been issued to a marshal of the city, as ample provision for the collection of such taxes on bank-stock of non-resident holders, by other proceedings, has been made by other statutes, and the only action given to the receiver of taxes is an action *in rem,* under section 314 of the consolidation act, to "collect the tax from the avails of the sale" of the stock.

Verdict at trial term, subject to opinion of the general term.

Action by George W. McLean, as receiver of taxes in the city of New York, against Sarah L. Myers, to recover a tax.   At the trial the judge directed a verdict for plaintiff, subject to the opinion of the general term.

Argued before TRUAX and O'GORMAN, JJ.

*William H. Clark,* (*George S. Coleman,* of counsel,) for plaintiff.   *Stimson & Williams,* (*E. P. Johnson,* of counsel,) for defendant.

O'GORMAN, J.   The contention on this appeal arises from the following facts, which are admitted:   The defendant was assessed in the city and county of New York, in 1882 and 1883, on certain stock in the Broadway National Bank standing in her name.   She has always been, and is, a resident of Westchester county.   The proceedings by which the tax was imposed were all regular, and a warrant for the collection of the tax was delivered in due form to the plaintiff, who is receiver of taxes in the city of New York.   The tax has never been paid by defendant.   It does not appear that any warrant to collect it has ever been issued to any marshal, or returned, or that there has ever been any attempt to levy it by distress and sale.   The plaintiff, as receiver of taxes in the city of New York, now brings this action against the defendant, and demands a money judgment for the amount of the tax, and interest.   With the assent of counsel, the court directed a verdict for the plaintiff, subject to the opinion of the court at general term.   The receiver of taxes is an officer of the law, and has no powers other than such as are expressly or by necessary implication conferred on him by the law.   As a condition precedent to the right of the receiver of taxes to maintain any action for the collection of personal taxes under the provisions of section 863 of the consolidation act of 1882, it must appear that the case is one which by statute the receiver is authorized to send to the attorney for the collection of personal taxes for prosecution.   These cases are:   (1) "All cases of personal taxes embraced in the assessment rolls, when the assessment is $1,000 or more, and upon which a warrant to any of the marshals of said city and county has been issued, and unsatisfied for a period of sixty days, or returned unsatisfied in whole or in part;" and (2) "all other cases of personal taxes when application to any court may be made for the collection of the tax."   Consolidation Act, § 859.   The cases where application to any court may be made for collection of a tax are those mentioned in section 857 of that act, and there is no evidence that any of the events have occurred in this case justifying the receiver of taxes in bringing this action against the defendant.   Id. § 857.   Section 863 of the consolidation act provides for the collection by action, of any tax imposed for personal property upon any person in the city and county of New York.   It is contended

by the plaintiff here that the true meaning of this clause is to be arrived at by construing it as if it had been written thus: "For the collection of any tax imposed in the city and county of New York upon any person." etc.   I do not think that we are justified in taking this liberty with the text of the law, especially as there is no necessity to resort to such a process.   The law has made ample provision for the collection of taxes on bank-stock, no matter where the owner may reside.

By chapter 761, Laws 1866, the stock was made taxable at the place where the bank was located, and special remedies were provided for the collection of that tax where the stockholder was a non-resident.   *First.* In case of non-residence, the collector and county treasurer may proceed against the person taxed in the same manner as where a personal tax has been assessed upon a person who has subsequently removed from the town or ward where the assessment is laid, namely, by issuing a warrant to any sheriff or constable of the county to which the person has removed.   Laws 1836, c. 461.   *Second.* And, this also in case of non-residence, the county treasurer or receiver of taxes may have an action to collect the tax from the avails of the sale of the stock. *Third.* The tax is made a lien upon the stock from the day it is assessed, until payment is made, and all transfers are subject to such lien.   *Fourth.* It is made the duty of the bank and of its officers to retain so much of any dividends declared upon the stock as will suffice to pay the tax, until the tax is paid.   These provisions were re-enacted in 1880, in 1881, (chapter 477,) and in the act to revise the banking laws, (chapter 409 of 1882,) and are now the law.   By section 314, c. 409, Laws 1882, the receiver of taxes may have an action to "collect the tax from the avails of the sale of" his (the owner's) stock, in cases where he does not reside in the place where the bank is located.   This act, I think, is broad enough in its language to cover such transactions in the city of New York.   The action now under consideration is not brought under or in compliance with this act.   It is not an action *in rem*, for the purpose of procuring a sale of the stock, but an ordinary action, *in personam*, for a money judgment.   It is not even alleged here that the bank-stock is now in the possession of the defendant, and, as to the taxes of 1883, it would appear that the defendant was, in fact, not a stockholder when these taxes were imposed.   In my opinion, this action on the part of the plaintiff cannot be sustained.   The verdict for the plaintiff should be set aside, and the defendant should have judgment, with costs.